UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BUTLER, | Case No. 11-cv-2313-L(MDD) |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR THE AFFIRMATIVE DEFENSE OF EQUITABLE ESTOPPEL [DOC. 130-1]** |
| v. | |
| HOMESERVICES LENDING LLC, *et al.*, | |
| Defendants. | |

Pending before the Court is Defendant's motion to for a ruling on its affirmative defense of equitable estoppel. (*Def.'s Mot.* [Doc. 130-1].) The motion is fully briefed. (*Opp'n* [Doc. 134]; *Reply* [Doc. 135].) The Court found this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d.1). (*Order re: Oral Argument* [Doc. 137].) For the following reasons, the Court **DENIES** Defendant's motion.

//
//
//
//
//

## I.     BACKGROUND

On December 9, 2013, after trial, the jury returned a verdict in favor of Plaintiff Kelly Butler and against Defendant Homeservices Lending LLC.  (*Jury Verdict* [Doc. 125].)  Specifically, the jury answered all of the following questions on the special verdict form, agreed to by the parties, in the affirmative:

> 1.  Did Kelly Butler work overtime hours while employed at HomeServices Lending, LLC for which she was not paid?
>
> 2.  Did HomeServices Lending LLC know, or should it have known, that Ms. Butler worked overtime hours for which she was not paid during her employment at HomeServices Lending, LLC?
>
> 3.  Did HomeServices Lending LLC "willfully" fail to pay Ms. Butler for overtime hours worked during her employment with HomeServices Lending, LLC?

(*Id.* 2-3.)  The jury then indicated that Ms. Butler was entitled to $48,900.75 to compensate her for the unpaid overtime hours that she worked.  (*Id.*)

On December 11, 2013, the parties submitted a joint motion regarding Defendant's alleged equitable estoppel defense as well as a stipulation to liquidated damages.  (*Joint Motion* [Doc. 126].)  Specifically, the parties requested that the Court set a briefing schedule for Defendant's equitable estoppel motion.  (*Id.* 2.)  In addition, the parties stipulated that if the Court denies Defendant's equitable estoppel motion, "Plaintiff shall be awarded liquidated damages under the FLSA without the need of Plaintiff filing a separate motion and judgment shall be entered in favor of Plaintiff in the amount of $97,801.50."  (*Id.* 3.)  The Court granted the motion, and the Defendant's equitable estoppel motion is now fully briefed.

The gravamen of Defendant's motion is that despite the jury's verdict in Plaintiff's favor, Plaintiff is equitably estopped from recovering under the FLSA because she "willfully misrepresented her time entries in the employer's timekeeping system with the intent to mislead the employer." (*Def.'s Motion* 9.)  Plaintiff opposes and suggests, *inter alia*, that Defendant's motion is improper because the defense of equitable estoppel is not available to Defendant.  (*Opp'n* 1, 8-15.)

//

//

## II. DISCUSSION

The equitable estoppel issue raised here stems from the fact that a Defendant can be found to have constructive knowledge of the fact that Plaintiff was working overtime and be liable under the FLSA to pay Plaintiff for that overtime, and still show that it was "ignorant of the true facts" in order to establish a defense of equitable estoppel. *Forrester*, 475 F. Supp. 630, 630 (D. Ore. 1979). However, in light of the following authority, the Court finds that a FLSA Defendant is not entitled to the defense of equitable estoppel when a jury has found that the Defendant knew or should have known that Plaintiff was working overtime.

"In order to recover for uncompensated overtime work under the FLSA, the plaintiff must further prove that the employer had knowledge, either actual or constructive, of the plaintiff's overtime work." *Dixon v. City of Forks*, 2009 WL 1459447, * 4 (W.D. Wash., June 9, 2009) (citing *Reich v. Dept. of Conservation & Natural Res.*, 28 F.3d 1076, 1082 (11th Cir.1994); *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir.1986). "In reviewing the extent of an employer's awareness, a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours worked or else had the opportunity through reasonable diligence to acquire knowledge." *Reich*, at 1082. Moreover, "[o]nce an employer knows or has reason to know that an employee is working overtime, it cannot deny compensation even where the employee fails to claim overtime hours." *Dixon*, 2009 WL 1459447, * 5 (citing *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); *Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943, 946 (2nd Cir.1959); *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir.1995). Here, the jury determined that Defendant knew or should have known that Plaintiff was working overtime, and there is no dispute that Plaintiff has thus proven this knowledge element. (*Jury Verdict* 2.)

Instead, Defendant argues that because Plaintiff did not request overtime, she should be equitably estopped from recovering here, despite the jury's verdict in her favor. "However, an employee does not waive [her] claim for overtime compensation by failing to request overtime compensation at the time the work is performed." *Dixon*, 2009 WL 1459447, *4 (citing *Reich*, at 1082; *Burry v. Nat'l Trailer Convoy, Inc.*, 338 F.2d 422 (6th Cir.1964); *Caserta v. Home Lines*

*Agency, Inc.*, 273 F.2d 943 (2nd Cir.1959); *George Lawley & Son Corp. v. South*, 140 F.2d 439 (1st Cir.1944); *Handler v. Thrasher*, 191 F.2d 120 (10th Cir.1951); *Ballard v. Consolidated Steel Corp.*, 61 F.Supp. 996 (D.Cal.1945).

Thus, it appears that even if Defendant can meet the requirements of equitable estoppel, including that it was "ignorant of the true facts," it is not entitled to the protection of equitable estoppel when it has been determined that Defendant had actual or constructive knowledge that Plaintiff was working uncompensated overtime and failed to pay Plaintiff properly in violation of the FLSA. A holding to the contrary would essentially eviscerate the FLSA "knowledge" requirement and accompanying jurisprudence, in favor of application of an equitable defense that is in no way equitable in this situation. This conclusion is supported by the Ninth Circuit's explanation that the FLSA "sets certain standards for the determination of compensation which must be met regardless of whether or not the employees are at fault." *Robertson v. Alaska Juneau Gold Mining Co.*, 157 F.2d 876, 879 (9th Cir. 1946).

### III. CONCLUSION

In light of the foregoing, Defendant's motion for equitable estoppel is **DENIED**. Therefore, due to the parties' previous stipulation, judgment is entered in favor of the Plaintiff and Plaintiff is awarded liquidated damages in the amount of $97,801.50.

**IT IS SO ORDERED.**

DATED: May 29, 2014

_____
M. James Lorenz
United States District Court Judge