UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BUTLER,<br><br>   Plaintiff,<br><br>v.<br><br>HOMESERVICES LENDING LLC, *et al.*,<br><br>   Defendants. | Case No. 11-cv-02313-L(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES AND COSTS [DOC. 140]** |

Pending before the Court is Plaintiff's motion for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Pl.'s Mot., ECF No. 140. The motion is fully briefed. *See* Def.'s Opp'n, ECF No. 146; Pl.'s Reply, ECF No. 147. The Court found this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d.1). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorneys' fees and costs.

//
//
//

## I. BACKGROUND

Plaintiff Kelly Butler ("Butler") commenced the instant action against Defendant Homeservices Lending LLC d/b/a Homeservices and Doherty Employment Group, Inc. ("HSL") to recover unpaid wages under federal and state law in the Central District Court of California on June 7, 2011. Compl., ECF No. 1. On October 4, 2011, the Central District court transferred Butler's case to the Southern District of California because it determined that her case was related to five other cases pending in the Southern District[1]. Transfer Order, ECF No. 13-1. On December 3, 2013, Butler's case proceeded to trial before this Court. Min. Entry, ECF No. 115. After four days of trial, on December 9, 2013, the jury returned a verdict[2] for Butler. Jury Verdict, ECF No. 125. On December 27, 2013, HSL filed a motion for the Court's ruling on its affirmative defense of equitable estoppel. Mot. Ruling Equitable Estoppel, ECF No. 130. The Court denied HSL's motion on May 29, 2014. Order Denying Def.'s Mot. Equitable Estoppel, ECF No. 138.

Butler now moves for an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b). Pl.'s Mot. Butler asserts she is entitled to $489,697.97 in attorneys' fees and $16,687.22 in non-taxable costs. Pl.'s Reply, ¶ VI[3]. HSL does not dispute that Butler is entitled to attorneys' fees, but opposes Butler's motion as to the amount requested, arguing that it is excessive and that this Court should award Butler no more than $256,333.65 in both attorneys' fees and costs. Def.'s Opp'n, ¶¶ I, IV.

---

[1] These cases are *Buchanan v. Homeservices Lending LLC*, No. 11-cv-922-L-MDD; *Shaw v. Homeservices Lending LLC*, No. 11-cv-924-L-MDD; *Dawson v. Homeservices LLC*, No. 11-cv-1037-L-MDD; *McGraw v. Homeservices Lending LLC*, No. 11-cv-1138-L-MDD; and *Olmsted v. Homeservices Lending LLC*, No. 12-cv-745-L-MDD.

[2] In the special verdict form, the jury found: (1) Butler had worked overtime hours for HSL for which she was not paid, (2) HSL knew or should have known Butler had work those hours for which she was not paid, and (3) HSL "willfully" failed to pay Butler for her overtime hours during her employment with HSL. Jury Verdict, ¶¶ 1-3. The jury also found $48,900.75 would compensate Butler for the overtime hours HSL knew or should have known she had worked without pay. *Id.*, ¶ 4.

[3] Butler initially requested $493,849.57 in attorneys' fees and $35,392.22 in costs, but after HSL filed its opposition, Butler amended her request as stated above. *See* Pl's Mot., ¶ VIII; Pl.'s Reply, ¶ VI.

## II. LEGAL STANDARD

### A. REASONABLE ATTORNEY'S FEES

Plaintiffs are entitled to reasonable attorney's fees under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 216(b); *see also Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) ("The FLSA grants prevailing plaintiffs a reasonable attorney's fee."). Courts in the Ninth Circuit calculate an award of attorneys' fees using the lodestar method, whereby a court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted). Additionally, district courts may exercise their discretion in determining the amount of the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (finding the district court has a "superior understanding of the litigation" and to avoid "frequent appellate review of what essentially are factual matters").

The fee applicant bears the burden of demonstrating that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. It is likewise the fee applicant's burden to "submit evidence supporting the hours worked and rates claimed . . . [;] [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433. Furthermore, the fee applicant bears the burden to "prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dept.*, 470 F.3d 889, 891 (9th Cir. 2006). The "prevailing market rate" is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979 (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997). Generally, the "relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (citing *Barjon*, 132 F.3d at 500).

"The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citing *Blum v. Stenson*, 465 U.S. 886, 892

n.5 (1984)). This party also has the burden of rebuttal to submit evidence to the district court challenging the reasonableness of the requested hourly rate with respect to the prevailing market rate of the relevant community. *See Nadarajah v. Holder*, 569 F.3d 906, 917-18 (9th Cir. 2009) (citing *Camacho*, 523 F.3d at 980).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Those factors—also known as the *Kerr* factors—include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (quoting *McGrath v. Cnty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1995).

**B.    REASONABLE COSTS**

Plaintiffs are also entitled to reasonable costs of litigation under the FLSA. *See* 29 U.S.C. § 216(b); *see also Murillo v. Pacific Gas & Elec. Co.*, No. CIV. 2:08-1974 WBS GGH, 2010 WL 2889728, at *10 (E.D. Cal. July 21, 2010) (finding prevailing plaintiffs allowed to recover reasonable costs under 29 U.S.C. Section 216(b)). Courts may tax as costs:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services.

28 U.S.C. § 1920; *see also Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 884-85 (9th Cir. 2005) (courts limited by taxable cost categories enumerated in 28 U.S.C. §

1920). However, the Ninth Circuit has "repeatedly . . . allowed prevailing parties to recover non-taxable costs where statutes authorize attorney's fees to prevailing parties." *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). Courts may award non-taxable, out-of-pocket expenses such as travel, courier, and copying costs because such costs are "typically charged to paying clients by private attorneys." *Id.* (citation omitted). Moreover, "[a]bsent 'express statutory authority' for shifting expert witness fees, reimbursement of such fees is limited by 28 U.S.C. §§ 1821(b) and 1920(3)." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)).

Similar to attorney's fees, the fee applicant "bears the burden of establishing entitlement to an award" of costs. *Hensley*, 461 U.S. at 437. As with attorney's fees, the party opposing the fee application "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of . . . the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397-98.

### III. DISCUSSION

The Court must determine whether Butler presented sufficient evidence of her reasonable attorneys' fees and costs. Before calculating an award, the Court reviews Butler's evidence of the number of hours her attorneys expended to litigate her case, the requested hourly rates, and the costs of litigating her case. The Court must also consider whether HSL presented sufficient evidence to rebut the reasonableness of the aforementioned attorneys' fees and costs.

#### A. ATTORNEYS' FEES

The parties do not dispute that Butler is entitled to seek reasonable attorneys' fees. Nor do they dispute that the Court applies the lodestar method. They do, however, disagree about whether the number of hours were reasonably expended and whether the hourly rates are reasonable.

//
//

1. Recoverable Hours

Butler argues that her request is reasonable because her case raised complex issues and litigating her case required extensive discovery, motion practice, and trial preparation. Pl.'s Mot. 3:5-7. HSL responds that the hours sought are unreasonable because they are excessive and non-billable. Defs.' Opp'n 10:12-14.

Butler provides a "[t]rue and correct copy" of her billing statement from HSL in her motion for attorneys' fees and costs. Pl.'s Notice of Lodgement of Exs., ECF No. 140-5, Ex. B. To support its contention that Butler's request hours are excessive and non-billable, HSL presents a chart in its opposition which specifies a number of items in Butler's billing statement it claims are "inappropriate and must be excluded from lodestar analysis." Decl. Thomas Kaufman Supp. Def.'s Opp'n, ECF No. 146-1, ¶ 26. In particular, HSL asserts Butler's billing statement reflects "29.05 hours of work [Butler's attorneys] performed in the *Buchanan*[4] matter." Def.'s Opp'n 11:3-4. HSL also argues Butler cannot recover for 19.5 hours billed by her paralegal for "secretarial work or overhead activities, such as calendaring, preparing proofs of service, uploading and downloading documents, coordinating events and documents, and communicating with the Court[5]." *Id.* at 11:9-12. HSL further argues Butler cannot recover for motions that were either not filed, unsuccessful, or "frivolous," and that the Court should exercise its discretion and reduce the number of hours requested accordingly. *Id.* at 11:22-13:18.

In her reply, Butler responds that HSL's contentions are "nonsense" and compares the total number of hours each party spent litigating the case, asserting it spent "less than 15 percent (15%) more than the time billed by Defendant's counsel." Pl.'s Reply 6:15-19. With respect to

---

[4] The *Buchanan* matter was one of the earlier mentioned related cases. *See* Footnote 1; *Buchanan v. Homeservices Lending LLC*, No. 11-cv-922-L-MDD.

[5] HSL cited *Missouri v. Jenkins*, where the United States Supreme Court found "purely clerical or secretarial tasks should not be billed at a paralegal's rate, regardless of who performs them." 491 U.S. 274, 288 n. 10 (1989). HSL implied this principle applies to clerical or secretarial tasks billed at an attorney's rates. The Court agrees. *See id.* ("It is appropriate to distinguish between legal work, in the strictest sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers . . . Such non-legal work may command a lesser rate [and its] dollar value does not enhance because a lawyer does it.") (citation omitted).

HSL's specific challenges to billing items, Butler asserts she made a good faith effort to reduce any excessive, redundant, or otherwise unnecessary hours, but concedes .7 hours should be subtracted as work for the *Buchanan* matter. *See id.* at 7:19-8:10; Garrison Decl. Supp. Pl.'s Reply, ECF No. 147-1, ¶ 8. Butler did not directly address the merits of HSL's contention that her attorneys may not bill at paralegal rates for time billed for clerical and/or secretarial work; she merely stated "[a]ll time billed by paralegal Carbajal is compensable at $175 per hour." Pl.'s Reply 10:8-9. As to the HSL's challenges to the hours requested for unfiled, unsuccessful, and "frivolous" motions, Butler maintains that the hours her attorneys spent on all of the motions are compensable. *Id.* at 8:22-23.

After reviewing the documents and exhibits submitted by both parties, the Court makes several findings. First, HSL failed to provide evidence of the duplicitous billing from the *Buchanan* matter because it merely marked on its chart the items it asserted were identically billed. *See Gates*, 987 F.2d at 1397-98. However, since Butler's attorney conceded .7 hours were not spent working on her case, the Court will reduce the total number of hours billed for attorney Jason Black's[6] services by .7 hours. Second, the Court agrees with HSL that Butler may not bill at paralegal rates for clerical and/or secretarial work. *See Jenkins*, 491 U.S. at 288 n. 10. Accordingly, the Court exercises its discretion and will reduce the total number of hours billed by paralegal Carbajal by 12.4 hours[7], attorney Jason Black by 1.1 hours[8], and attorney Greg

---

[6] *See* Garrison Decl. Supp. Pl.'s Reply, ¶ 8 (conceding that out of 29.05 hours contested, all except for .7 hours on November 4, 2011 were performed for the *Butler* matter); Pl.'s Notice of Lodgement of Exs., Ex. B, at 5 (entry for .7 hours on November 4, 2011 billed by Jason Black under initials "JNB").

[7] The Court agrees with HSL that the billing entries by Carbajal on 06/03/11, 06/30/11, 07/01/11, 12/27/11, 02/14/12, 02/15/12, 03/30/12, 05/22/12, 06/29/12, 08/06/12, 09/20/12, 11/7/12, 05/06/13, 05/21/13, 06/05/13, 06/06/13, 08/07/13, 09/12/13, and 12/11/13 were for clerical or secretarial work and not billable at a paralegal rate. The Court also exercises its discretion to reduce hours for other entries HSL listed as "clerical" and attributed to paralegal Carbajal that it found clerical, for a total reduction of 12.4 hours.

[8] The Court exercises its discretion to reduce the time billed by Black for entry 09/06/11 from 1.5 hours to .4 hours. In the Court's experience, .4 hours is plenty of time to "Prepare Declaration and Designation of Lead Counsel."

Garrison by 3 hours[9]. Third, HSL has not met its burden of rebuttal to show why the hours Butler's attorneys spent on the unfiled motions were not reasonable because HSL failed to produce evidence to support its contention. *See Gates*, 987 F.2d at 1397-98. The Court agrees with Butler that the standard to apply is whether a "reasonable and prudent lawyer" would have undertaken the work to "advance or protect [the] client's interest in the pursuit of a successful recovery" and that Butler's attorneys satisfied this standard. *See Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). Fourth, HSL failed to provide evidence to meet its burden of rebuttal as to its claim that the hours Butler's attorneys spent working on the unsuccessful cross-motion for summary judgment were unreasonable. *See Gates*, 987 F.2d at 1397-98. As Butler correctly noted, the Court found triable issues of fact in both parties' motions for summary judgment and did not imply that Butler's motion was unreasonably filed. *See* Order re: Denying Pl.'s and Def.'s Mots. Summ. J., ECF No. 57; Pl.'s Reply 9:10-12. Fifth, the Court agrees with HSL that two of the seven motions *in limine* Butler filed were frivolous[10] and are therefore not compensable. *See Hensley*, 461 U.S. at 433-34. Thus, the Court will reduce the total number hours for work on those motions by attorney Garrison by 19.5 hours[11].

  The Court finds the above total hour reductions reasonable and warranted to account for the excessive and non-billable hours, and because Butler failed to meet her burden to show that a good-faith effort was made to exclude those redundant hours. *See Hensley*, 461 U.S. at 434.

---

[9] Although the three-hour entry by Garrison on 05/30/14 is neither clerical nor secretarial, in the Court's experience an attorney may not bill a client for time spent reviewing bills.

[10] *See* ECF No. 77 ("Noticeably lacking from Plaintiff's motion is any cogent explanation as to what evidence would need to be ordered excluded."); ECF No. 78 ("This argument . . . is inappropriate for a motion *in limine*.")

[11] It appears that Butler's attorneys identified motion ECF No. 77 as "Motion in Limine No. 1," or the motion regarding the "Seever Standard"; ECF No. 78 follows sequentially as "Motion in Limine No. 2" or the motion regarding the "Unclean Hands/Estoppel" in Butler's billing statements. Pl.'s Reply 9:14-10:3; Pl.'s Notice of Lodgement of Exs., Ex. B. Therefore, the Court reduces the number of hours expended by Garrison on 10/4/13, 10/9/13, 11/5/13, and 11/6/13 for time directly spent on these motions, which totaled 14.2 hours. For the billing entries on 10/16/13, 10/18/13, 11/5/13, and 11/11/13, Garrison billed for time spent on all of the motions *in limine*, and the Court reduces the hours by two-sevenths, for a reduction of 5.3 hours. The total reduction of hours billed by Garrison for the frivolous motions *in limine* is 19.5.

The final lodestar amount will reflect these reductions[12].

### 2. Reasonable Hourly Rate

Butler asserts that her request for the hourly rates for her attorneys is reasonable under the *Kerr* factors listed above. Pl's Mot. 5:15-26. HSL responds that Butler's requested rates are unreasonable because they are excessive and Butler failed to meet her burden under the standard of the "prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Def.'s Opp'n 7:2-7.

Butler requests to recover costs for hours billed by four attorneys and one paralegal as follows: $600/hour for Mr. Garrison, $550/hour for Mr. Teeple, $373.47/hour for each Mr. Black and Mr. Barnes, and $175/hour for Mr. Carbajal. To support her request for each of their respective hourly rates, Butler provides six declarations. Decls. Supp. Pl.'s Mot., ECF Nos. 140-2; 140-3; 140-4; 140-7; 140-8; 140-9. Butler also relies on the "2011 Nationwide Sampling of Law Firm Billing Rates" survey from the National Law Journal. Pl.'s Notice of Lodgement of Exs., Ex. C. Lastly, Butler claims HSL is estopped from re-litigating the reasonableness of Butler's attorneys' hourly rates because the Court previously awarded Butler her attorneys' fees in the related cases[13].

To rebut Butler's requested hourly rates, HSL submitted one declaration from its own attorney, Thomas R. Kaufman, profiles of attorneys Black and Barnes from the State Bar of California's website, the 2014 U.S. & New World Report's law school rankings, the 2011 National Law Journal and ALM Legal Intelligence report entitled "The Survey of Law Firm Economics," the BTI Consulting Group, Inc. and Law 360 report entitled "Billing Rate

---

[12] The Court adjusts Butler's requested hours as follows:
  1) Attorney Gregory M. Garrison: 377.6 hours (400.10 - 3 - 19.5 = 377.6)
  2) Attorney Jason N. Black: 98.6 hours (100.4 - .7 - 1.1 = 98.6)
  3) Paralegal Uziel Carbajal: 211.6 hours (224 - 19.4 = 211.6)

[13] In *Dawson* and *McGraw*, the Court awarded the plaintiffs their requested lodestar hourly rates of $500/hour for Mr. Garrison, $350/hour each for Mr. Barnes and Mr. Black, and $150/hour for Mr. Carbajal. *See Dawson*, 11-cv-1037-L-MDD, ECF No. 37; *McGraw*, 11-cv-1138-L-MDD, ECF No. 29.

Reference 2014," and a copy of its own billing records for this case. Decl. Thomas R. Kaufman, ECF. No. 146-1. Additionally, in its opposition, HSL argues the Court should not award Butler hourly rates of more than $480/hour each for Mr. Garrison and Mr. Teeple, $350/hour for Mr. Black, $220/hour for Mr. Barnes, and $150/hour for Mr. Carbajal, based on the above reports and the hourly rates claimed in the McGraw and Dawson matters[14]. Def.'s Opp'n 9:1-10:9.

As an preliminary matter, HSL is not estopped from re-litigating the reasonableness of the hourly rate and the Court is not bound by its earlier awards of Butler's attorneys' fees in the *Dawson* and *McGraw* matters because the Court did not specifically find the requested hourly rates reasonable in determining those awards. The Court awarded the requested hourly rates in the *Dawson* and *McGraw* matters because there was no contradictory evidence presented. *See Blair v. CBE Group, Inc.*, No. 13CV134-MMA, 2014 WL 4658731, at *5 (S.D. Cal. Sept. 17, 2014) (finding prior rulings on attorneys' awards distinguishable because the courts did not make a finding that the requested hourly rates were reasonable).

Thus, the Court must determine what is a reasonable hourly rate in this case. As stated above, the fee applicant bears the burden to "prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Carson,* 470 F.3d at 891. Therefore, the Court agrees with HSL that it must apply the standard of the "prevailing market rate in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation" to determine the reasonable hourly rate. *Camacho*, 523 F.3d at 979 (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)).

The survey and reports submitted by both Butler and HSL are irrelevant to the hourly rate inquiry because none of them address the prevailing market rate for attorneys of reasonably comparable skill, experience, and reputation in the Southern District of California. *See Camacho*, 523 F.3d at 979 (citing *Barjon*, 132 F.3d at 500) ( the "relevant community is the forum in which the district court sits"). Butler directs the Court to review its survey as evidence

---

[14] *See* Footnote 13.

of the prevailing rates in the Central District of California[15]. *See* Pl.'s Mot. 10:1-11:8; Pl.'s Notice of Lodgement of Exs., Ex. C. HSL directs the Court to review one of its reports for evidence of the prevailing rates of attorneys in the State of California and the other report for prevailing rates of labor and employment attorneys in the United States. Def.'s Opp'n 8:20-9:1; Def.'s Exs. R, S. Therefore, the Court excludes both parties' surveys from its consideration of the reasonable hourly rate.

Of the six declarations Butler provided, three were written by Mr. Grant, Mr. Garrison, and Mr. Carbajal, which collectively affirm the reasonableness of Butler's requested hourly rates[16]. *See* Decl. Grant M. Teeple; Decl. Gregory M. Garrison; Decl. Uziel Carbajal. The remaining three declarations in support of Butler's attorneys' fees were written by disinterested[17] attorneys.

First, Mr. Michael R. Merrinan filed a declaration stating he is an attorney licensed to practice in California, including the Southern District of California, and that he has been practicing law as a litigator in San Diego for over thirty-four years in both civil and criminal law. Decl. Michael R. Merrinan, ECF. No. 140-7, ¶¶ 1, 3. During that time, he has tried over one hundred jury trials. *Id.* at ¶ 7. Since 1985, Mr. Merrinan's practice has been "devoted solely to the defense of criminal cases and civil litigation involving police misconduct civil rights cases." *Id.* at ¶ 6. Mr. Merrinan has known Mr. Garrison for over 15 years and asserts Mr. Garrison is "a skilled and experienced trial attorney." *Id.* at ¶ 10. Mr. Merrinan believes, based on his personal experience and conversations with other litigation attorneys, "the prevailing hourly rate for trial attorneys with comparable skill, experience, and reputation to that of Mr. Garrison in San Diego is currently $600.00 per hour, if not higher." *Id.* Mr. Merrinan did not comment on the reasonable hourly rates for Mr. Teeple, Mr. Black, Mr. Barnes, or Mr. Carbajal.

---

[15] Butler attempts to persuade the Court that it should consider the rates of attorneys in the Central District Court of California because that is where she initially filed her complaint. Pl.'s Mot. 10:6-13.

[16] Indeed, the Court would be surprised if they stated otherwise.

[17] The Court uses the term "disinterested" to mean that none of the declarants stand to profit from the final award.

Second, Mr. Rodney L. Donohoo filed a declaration stating he is an attorney licensed to practice in California and has been continuously practicing law in San Diego since his admission in 1989. Decl. Rodney L. Donohoo, ECF No. 140-8, ¶¶ 1, 3. His primary area of practice is civil litigation and civil trial work. *Id.* at ¶ 3. Mr. Donohoo has also served as outside general counsel for several business entities where part of his duties included review and approval of work and rates for outside litigation counsel. *Id.* at ¶ 4. Thus, he asserts he is "familiar with the reasonable rates for civil litigation work by attorneys in the Central and Southern District Courts of California" *Id.* Mr. Donohoo has known Mr. Garrison for over twenty years, and finds him to be "among the most highly skilled and experienced trial attorneys" he knows. *Id.* at ¶ 5. Mr. Donohoo believes, based on his personal experience and conversations with other attorneys, "the prevailing hourly rate in the Central and Southern District Court of California for trial attorneys with comparable skill, experience, and reputation to that of Mr. Garrison is at least $600.00 per hour." *Id.* Mr. Donohoo has known Mr. Teeple since law school (1989), and asserts Mr. Teeple is "among the most highly skilled and experienced trial attorneys in this community." *Id.* at ¶ 3, 6. Mr. Donohoo believes, based on his personal experience and conversations with other litigation attorneys, "the prevailing hourly rate in San Diego for litigation attorneys with comparable skill, experience, and reputation to that of Mr. Teeple is at least $550.00 per hour." *Id.* at ¶ 6. Mr. Donohoo did not comment on the reasonable hourly rates for Mr. Black, Mr. Barnes, or Mr. Carbajal.

Third, Mr. Alexander E. Papaefthimiou filed a declaration stating he is an attorney and has been licensed to practice in California, including the Southern District of California, since 2005 and 2006, respectively. Decl. Alexander E. Papaefthimiou, ECF. No. 140-9, ¶¶ 1, 3. Mr. Papaefthimiou is a sole-practitioner whose primary practice focuses on civil litigation and civil trial work involving FLSA claims, consumer class actions, intellectual property, business litigation matters, and appeals. *Id.* at ¶ 3. Mr. Papaefthimiou has known Mr. Garrison for over five years and has worked with him as his co-counsel in several matters. *Id.* at ¶ 4. He asserts Mr. Garrison is "among the most effective, skilled, and experienced trial attorneys" he knows. *Id.* Mr. Papaefthimiou believes, based on his personal experience and conversations with other

litigation attorneys, "the prevailing hourly rate for trial attorneys with skill, experience, and reputation comparable to that of Mr. Garrison is currently at least $600.00 per hour." *Id.* Mr. Papaefthimiou did not comment on the reasonable hourly rates for Mr. Teeple, Mr. Black, Mr. Barnes, or Mr. Carbajal.

HSL provided a single declaration by its attorney Thomas R. Kaufman as evidence of the unreasonableness of Butler's requested hourly rates. Decl. Thomas R. Kaufman. In his declaration, Mr. Kaufman relays his numerous awards and accolades and states he charged HSL $480.00 in this matter. *Id.* at ¶ 17-18, 21. He further asserts, based on his experience, "[his] $480 hourly rate is in line with the prevailing market rate for employment law attorneys in the Los Angeles and San Diego markets based on [his] years of experience, skill, and reputation." *Id.* at ¶ 21. Mr. Kaufman indicated he believed the reasonable hourly rates were as follows: $480/hour each for Mr. Garrison and Mr. Teeple, $350/hour for Mr. Black, $220/hour for Mr. Barnes, and $150/hour for Mr. Carbajal, but did not specifically state how he came to those figures. *Id.* at ¶ 21.

After reviewing these declarations, the Court finds HSL did not meet its burden of rebuttal with respect to the hourly rates for Mr. Garrison and Mr. Teeple. *See Gates,* 987 F.2d at 1397-98 ("The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits.") Butler provided declarations from two disinterested attorneys[18] who both stated that $600/hour was a reasonable rate for Mr. Garrison. Decl. Michael R. Merrinan; Decl. Rodney L. Donohoo. Butler also provided one declaration from an attorney who stated $550/hour was a reasonable rate for Mr. Teeple[19]. Decl. Rodney L. Donohoo. HSL did not provide any declarations from disinterested counsel. Mr. Kaufman's statement that he only charged HSL $480/hour to litigate

---

[18] Mr. Papaefthimiou did not state whether $600/hour was reasonable in the Southern District of California.

[19] The Court finds reference to attorneys in San Diego sufficient evidence of the prevailing rate in the Southern District of California.

this case carries no weight in light of the evidence Butler provided from disinterested attorneys. Mr. Kaufman is a defense attorney, participated in defending this case, and has defended HSL in some of the other related cases[20]. In the Court's experience, defense attorneys may charge less than plaintiff attorneys who work on a contingency fee basis and may offer discounts when defending a client in multiple related cases. Thus, HSL fails to overcome its burden of rebuttal to show how Butler's requested rates are not "in line with the 'prevailing market rate of the relevant community.'" *See Carson*, 470 F.3d at 891. Therefore, the Court grants Butler's requested hourly rates for Mr. Garrison and Mr. Teeple at $600/hour and $550/hour, respectively.

However, the Court finds Butler failed to meet her burden of proof to show why the rates requested for Mr. Black, Mr. Barnes, and Mr. Carbajal are reasonable. *See Hensley,* 461 U.S. at 433 (the burden is on the fee applicant's to "submit evidence supporting the hours worked and rates claimed . . . [;] [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.") Butler only provided self-serving declarations from Mr. Garrison, Mr. Teeple, and Mr. Carbajal as evidence that the requested rates for Mr. Black, Mr. Barnes, and Mr. Carbajal are reasonable in light of rates for similar work and services in the Central District of California. *See* Decl. Grant M. Teeple; Decl. Gregory M. Garrison; Decl. Uziel Carbajal. Therefore, the Court will rely on its own experience and exercise its discretion to determine the remaining reasonable hourly rates. *See Hensley,* 461 U.S. at 437. In light of the parties continual disagreement of every aspect of this litigation, and each party's failure to support its contentions of the remaining hourly rates, the Court will average the hourly rates requested by the parties. Therefore, the Court finds the reasonable rates for Mr. Black, Mr. Barnes, and Mr. Carbajal as follows: $361.74/hour for Mr. Black[21], $296.74/hour for Mr.

---

[20] Kaufman's firm represented HSL in the earlier mentioned *Dawson*, and *McGraw* matters. *See* Footnote 1.

[21] Butler requested an hourly rate of $373.47/hour for Mr. Black. Pl.'s Mot. 12:10-11. HSL argues the Court should not award more than $350/hour for Mr. Black's services. Def.'s Opp'n 9:23. Thus, $373.47 + $350 = $723.47; $723.47/2 = $361.74/hour.

Barnes[22], and $162.50/hour for Mr. Carbajal[23].

To sum up, the Court finds the reasonable lodestar hourly rates as follows: $600/hour for Mr. Garrison, $550/hour for Mr. Teeple, $361.74/hour for Mr. Black, $296.74/hour for Mr. Barnes, and $162.50/hour for Mr. Carbajal.

### C.   Total Lodestar Amount

HSL requests the Court exercise its discretion and reduce the final lodestar amount by 15% because Butler abandoned three of her claims before trial. Def.'s Opp'n 16:1-16. Butler opposes, claiming HSL's request is meritless. Pl.'s Reply 7:16-21. HSL asserts that under *Hensley*, 461 U.S. at 436, the Court may grant such a reduction. Def.'s Opp'n 16:3-9. HSL claims a 15% reduction is appropriate because Butler indicated the three abandoned claims accounted for 15% of her total settlement demand in her November 7, 2011 settlement letter. *See id* at 16:13-16.

However, in *Hensley*, the Supreme Court expressly agreed with "the District Court's rejection of 'a mathematical approach comparing the total number of issues in the case with those actually prevailed upon.'" *See Hensley*, 461 U.S. at 435 n. 11; *see also id.* at 436 ("If . . . a plaintiff only achieved partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate **may** be an excessive amount.") (emphasis added). As outlined above, the Court has already reduced the total number of hours to reflect work spent on frivolous motions and non-billable hours, and reduced the hourly rates of attorneys Black and Barnes. Defendant has failed to show why further reduction is warranted or supported by law. *See Gates*, 987 F.2d at 1397-98. Therefore, the Court denies HSL's request to reduce the lodestar amount by 15%.

---

[22] Butler requested an hourly rate of $373.47/hour for Mr. Barnes. Pl.'s Mot. 12:10-11. HSL argues the Court should not award more than $220/hour for Mr. Barnes's services. Def.'s Opp'n 9:20-21. Thus, $373.47 + $220 = $593.47; $723.47/2 = $296.74/hour.

[23] Butler requested an hourly rate of $175/hour for Mr. Carbajal. Pl.'s Mot. 12:25-26. HSL argues the Court should not award more than $150/hour for Mr. Black's services. Def.'s Opp'n 10:4-5. Thus, $175 + $150 = $325; $325/2 = $162.50/hour.

The Court calculates the final lodestar amount as follows:

|  | Hours Billed | Hourly Rate | Total Fee |
|---|---|---|---|
| Gregory M. Garrison (Attorney) | 377.6 | $600.00 | $226,560.00 |
| Grant G. Teeple (Attorney) | 79.3 | $550.00 | $43,615.00 |
| Jason N. Black (Attorney) | 98.6 | $361.74 | $35,667.56 |
| Brook T. Barnes (Attorney) | 357.4 | $296.74 | $106,054.88 |
| Uziel Carbajal (Paralegal) | 211.6 | $162.50 | $34,385.00 |
| **Total Lodestar Amount** |  |  | **$446,282.44** |

Thus, the Court awards Butler a total of $446,282.44 in attorneys' fees.

### B. COSTS

Butler requests the Court award $16,687.22 as reasonable costs for litigating her case. Pl.'s Reply, ¶ VI. HSL opposes, arguing *inter alia*, Butler did not substantiate her request for costs with evidence of the expenditures in her Motion. Def.'s Opp'n 16:17-17:27.

Butler itemized her costs for litigation as follows[24]: PACER, $62.36; Trial Testimony Transcript, $1,468.95; Mileage, $351.63; Attorney Service, $2,672.35; Parking/Tolls, $236.00; Westlaw, $6,179.43; and Office Copies, $5,996.25[25]. Decl. Nancy Van Kan Supp. Pl.'s Reply, ECF No. 147-2. However, in her lodgement of exhibits to support her motion for attorneys' fees and costs, Butler only submitted: (1) a copy of part of the trial transcript from this case; (2) a copy of Butler's billing statement; (3) a copy of the 2011 Nationwide Sampling of Law Firm Billing Rates from the National Law Journal; and (4) copies of the trial transcript invoices and copies of check stubs in the amount of the invoices reflecting a total cost of $1,468.95. Pl.'s Notice of Lodgement of Exs., Exs. A-D. Butler did not provide copies of receipts or any other evidence of costs requests for PACER, mileage, attorney service charges, parking/tolls,

---

[24] Butler also sought expert witness fees, but withdrew this request conceding the authorities HSL cited in its opposition preclude requests for expert witness fees in FLSA cases. Pl.'s Reply 10:10-14.

[25] The Court acknowledges that the sum of these costs totals $16,966.97. It defers to Butler's actual request of $16,687.22. Pl.'s Reply, ¶ VI.

Westlaw, and office copies in her Motion.  Although Butler attempted to provide evidence of the additional requested costs in her Reply, the Court agrees with HSL that Butler failed to meet her burden of proof because she did not produce this evidence in her initial Motion.  *See Hensley*, 461 U.S. at 434.  (the fee applicant "bears the burden of establishing entitlement to an award" of costs).

Therefore, the Court limits Butler's cost award to the costs she substantiated in her Motion (i.e. the costs of the trial transcripts), for a total cost award of $1,468.95.

## IV. CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorneys' fees and costs, and **AWARDS** Plaintiff **$446,282.44** in attorneys' fees and **$1,468.95** in costs, for a total award of **$447,751.39**.

**IT IS SO ORDERED.**

DATED: October 27, 2014

_____
M. James Lorenz
United States District Court Judge